IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **ALEXIS CROSBY** | § | **PLAINTIFF** |
| | § | |
| v. | § | **CAUSE NO. 1:09CV14 LG-RHW** |
| | § | |
| **PREMIER ENTERTAINMENT** | § | |
| **BILOXI, LLC, d/b/a HARD ROCK** | § | |
| **HOTEL AND CASINO BILOXI** | § | **DEFENDANT** |

## ORDER DENYING MOTION TO STRIKE
## EXPERT OPINIONS OF PLAINTIFF'S MEDICAL PROVIDERS

BEFORE THE COURT is the Motion [65] to Exclude or Strike Expert Opinions of Plaintiff's medical providers. The Hard Rock objects to the attempted designation of Plaintiff's treating counselors and medical providers. Plaintiff's deadline for expert designations was July 15, 2010, but certain medical providers at the Gulf Coast Mental Health Center and Pine Belt Mental Health Center were first listed on a supplemental discovery document filed November 24, 2010. This case is scheduled for trial on the Court's May 2011 trial docket.

The Plaintiff is required to designate treating physicians as experts, but she is excused from providing the written expert report otherwise required of designated experts. *See* FED. R. CIV. P. 26(a)(2)(A) & (B); L. U. CIV. R. 26(a)(2)(D). In addition to the designation, the Plaintiff is required to "disclose the subject matter on which the witness is expected to present evidence . . . and a summary of the facts and opinions to which the witness is expected to testify." L. U. CIV. R. 26(a(2)(D). Plaintiff has not provided any information other than the names of the medical care providers and their

places of employment. Plaintiff's failure to make full and timely expert disclosures for her medical care providers is grounds for prohibiting introduction of that evidence at trial, unless the Court finds just cause. L.U. Civ. R. 26(a)(2).

The Fifth Circuit has enumerated factors to be considered when looking to a motion to strike an expert designation and noted that when a designation violates the mandates of Rule 26, the Court *may* strike the designation. The factors are: (1) the respondent's explanation for the failure to identify the witness; (2) the importance of the testimony; (3) the potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure prejudice. *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 882-883 (5th Cir. 2004). Neither party has expressly addressed these factors.

1. Plaintiff's Explanation for Failing to Identify the Witness:

The Plaintiff argues that she could not timely designate these medical care providers because she began treatment after the designation deadline. The one physician she did timely designate was listed in anticipation of future treatment that never came to be. Further, she argues that she has not yet received medical records from these medical care providers and therefore cannot provide the records to the Defendant. This factor weighs in favor of the Plaintiff.

2. The Importance of the Testimony:

Plaintiff states that she has made a demand for compensatory damages for severe emotional distress as a result of being a victim of discrimination. The testimony of her medical care providers will be important in that regard. This factor weighs in

favor of the Plaintiff.

    3. Prejudice to the Movant

The Hard Rock argues that because the discovery deadline has expired, it does not have the ability to respond to an expert opinion that does not include medical records and/or opinions. Additionally, Hard Rock will be under severe time constraints if it is necessary to engage an expert to counter the opinions expressed in the treatment records, once they are provided to the Hard Rock. This factor weighs in favor of the Defendant.

    4. The Availability of a Continuance to Cure Prejudice:

The Fifth Circuit equates this factor to the availability of additional time to depose the non-designated expert. *Hamburger*, 361 F.3d at 883. There is little additional time left in this case's schedule. The pretrial conference is scheduled for next month, with trial commencing the month following. However, if necessary a continuance could be granted to accommodate additional discovery limited to the newly designated medical care providers. Accordingly, this factor weighs in favor of the Plaintiff.

Viewing these factors in light of the overall circumstances of this case, the Court concludes that the expert designations of Plaintiff's medical care providers should not be stricken, but in order to avoid additional prejudice to the Defendant, the medical providers will be limited to testifying to the opinions expressed in their medical records.

    **IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion [65] to

Exclude or Strike Expert Opinions filed by the Defendant is **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** the testimony of Plaintiff's medical experts affiliated with Gulf Coast Mental Health Center and Pine Belt Mental Health Care Resources will be limited to testifying to the opinions expressed in their medical records.

**SO ORDERED AND ADJUDGED** this the 7th day of March, 2011.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE